UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

JAMES PRESTON SMITH,

    Petitioner,

V.

UNITED STATES BUREAU OF PRISONS,

    Respondent.

Civil Action No. 7:17-cv-124-KKC

**MEMORANDUM OPINION & ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

James Preston Smith, an inmate confined at the United States Penitentiary – Hazelton in Bruceton Mills, West Virginia, has sent a letter to the Court seeking a writ of mandamus. [R. 1]. Seven days after filing his initial letter, Smith filed a second letter seeking to have this case consolidated with another civil action he states he filed in the United States District Court in Beckley, West Virginia. [R. 2]. Smith has not paid the $350.00 filing fee and the $50.00 administrative fee or filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

Ordinarily, a district court may permit a prisoner to pay the $350.00 filing fee in installments upon appropriate motion. 28 U.S.C. § 1915(b). But 28 U.S.C. § 1915(g) requires the prisoner to pay the filing fee in full at the outset of the case if the prisoner has, while in custody, filed three or more civil cases or appeals in federal court which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).

A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), and may consider such information when determining whether a claim must be dismissed for failure to state a claim, *Lovelace v. Software Spectrum, Inc.*, 78 F. 3d 1015, 1017-18 (5th Cir. 1996). Smith has previously

been found by this Court to be an abusive litigator. *Smith v. Farley, et al.*, No. 7:14-102-ART (E.D. Ky. 2014). Indeed, the federal courts' online PACER database establishes that Smith has quite a litigious history, as he is named as plaintiff or petitioner in over 60 civil cases. Smith has previously been enjoined from filing any actions in the United States District Court for the Southern District of West Virginia without the representation of an attorney without prior permission from the Court or unless he has paid the required filing fee in full. *Smith v. Hayden, et al.*, No. 5:05-cv-884 at R. 37 (S.D. W.Va. June 2, 2009).

Smith has had three or more prisoner civil rights actions dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See id.* at R. 25 (describing Smith's litigation history as of February 3, 2009). *See also Smith v. Menefee*, 1:09-CV-00034, 2009 WL 4405802 (W.D. La. Dec. 2, 2009)(dismissed as frivolous and for failure to state a claim upon which relief may be granted). Because Smith has had three or more "strikes" under § 1915(g), he may not proceed *in forma pauperis* in this action.

Smith must therefore pay both the $350.00 filing fee and the $50.00 administrative fee within twenty-eight days. Federal law requires prisoners to pay the entire filing fee, 28 U.S.C. § 1915(a)(2), and Smith became liable for payment of entire fee the moment he filed this action, *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997)("the Prison Litigation Act makes prisoners responsible for their filing fees the moment the civil action or appeal is filed."). Collection of the fee is therefore not merely appropriate, but is required by federal statute. *Smith v. Federal Bureau of Prisons*, No. 11-332-KKC (E.D. Ky. 2011) (R.8 therein), *aff'd*, No. 12-8997 (6th Cir. Nov. 8, 2012).

The Court conducts a preliminary review of Smith's mandamus petition because he asserts claims against government officials. 28 U.S.C. §1915A. In such cases, a district court must dismiss

any action which (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *Id*. Because Smith is proceeding without an attorney, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his letter filed with the Court, Smith claims that he is currently imprisoned by the Bureau of Prisons ("BOP") using a "decades old" Pre-Sentence Investigation report ("PSI") "that is totally counterfeit after both *Begay* and *Johnson*" (no further citation information or explanation given). [R. 1]. Smith further states that he was recently resentenced by "Justice Berger (Beckley WVa)"[1] for a term of 8 months for a violation of supervised release "without a revamping of the ancient PSI." [R. 1]. Smith requests that this Court "issue a mandamus to either Judge Berger or against the BOP at this prison to remove me from maximum custody and to make a part of the permanent BOP record this issuance so I can proceed with a civil suit." [R. 1]. Thus, Smith essentially seeks to attack the sentence imposed by Judge Berger in this Court.

This Court will not reach the merits of the Smith's claims because it does not have jurisdiction to do so. The All Writs Act, whose source is the Judiciary Act of 1793, authorizes this Court to issue a writ of mandamus. The statute states that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, 28 U.S.C. § 1651 is not an independent grant of jurisdiction. A federal court may invoke this statute only in aid of its otherwise established jurisdiction. *Green v. Nottingham,* 90 F.3d 415

---

[1] Presumably, the references to "Justice Berger" and "Judge Berger" refer to the Honorable Irene C. Berger, United States District Judge for the Southern District of West Virginia. According to the Sentence Monitoring Computation Data sheet submitted by Petitioner, he was sentenced by Judge Berger in May 2017. [R. 1-1].

3

(10th Cir. 1996). Smith points to no jurisdictional authority for this Court to essentially reverse a sentencing decision made by another United States District Court in another district. Accordingly, his action must be dismissed.

It is true that 28 U.S.C. § 1361 grants district courts original jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, mandamus is considered an "extraordinary remedy." *Mallard v. United States Dist. Ct. for the S. Dist. of Iowa,* 490 U.S. 296, 309 (1989). Therefore, "it is within a court's discretion to refrain from issuing the writ even when the requirements for mandamus are technically satisfied. The availability of the writ 'does not compel its exercise.'" *In re: Patenaude,* 210 F.3d 135, 141 (3d Cir. 2000) (citations omitted).

"The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff." *Carson v. U.S. Office of Special Counsel,* 633 F.3d 487, 491 (6th Cir. 2011)(quoting *Maczko v. Joyce,* 814 F.2d 308, 310 (6th Cir. 1987)). To find that a duty enforceable by mandamus exists, the petitioner must show that (1) he has a clear right to relief, (2) the respondent has a clear and nondiscretionary duty to act, and (3) there is no other adequate remedy available to compel performance of the duty. *Id.* There is no "duty owed" to the petitioner unless it is wholly non-discretionary, meaning "plainly defined and peremptory." *Ryon v. O'Neill,* 894 F.3d 199, 205 (6th Cir. 1990). "The general principle which governs proceedings by mandamus is, that whatever can be done without the employment of that extraordinary writ, may not be done with it. It lies only when there is practically no other remedy."

4

*In re NLO, Inc.*, 5 F.3d 154, 156 (6th Cir. 1993) (citing *Helstoski v. Meanor*, 442 U.S. 500, 505 (1979) and quoting *Ex parte Rowland*, 104 U.S. 604, 617 (1882)).

To the extent that Smith seeks to challenge the sentenced imposed by Judge Berger, he has multiple other avenues potentially available for relief, including the right to appeal his sentence to the United States Court of Appeals for the Fourth Circuit and/or the ability to seek habeas relief in the appropriate court pursuant to 28 U.S.C. § 2255 or § 2241. However, "[m]andamus is not to be used to reverse a decision made by a court in the exercise of legitimate jurisdiction." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995 (citing *In re Aetna Cas. & Sur. Co.*, 919 F.2d 1136, 1140 (6th Cir. 1990)(en banc)). "Moreover, the petitioner has the burden of showing that its right to the issuance of the writ is 'clear and undisputable.'" *Id.* (quoting *Federal Deposit Ins. Corp. v. Ernst & Whinney*, 921 F.2d 83, 86 (6th Cir. 1990)). Thus, Smith is unable to litigate what amounts to either an appeal or a collateral attack on his sentence herein. To permit him to proceed in this Court would not only be an improper use of the writ but would also reward the litigious petitioner for attempting to "game the system" by filing a separate cause of action to bypass the appellate procedure.

Notwithstanding the dismissal of Smith's claims, Smith is not relieved of his obligation to pay the $400.00 in fees and the Court will order their collection from his inmate account. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007)("The dismissal of a complaint under § 1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)-(2)...Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order.")(citation omitted). The collection of the full fee

is particularly warranted here, given Smith's prior history as an abusive litigator and the complete lack of merit of his claims in this case.

Accordingly, for all of the foregoing reasons, **IT IS ORDERED** that:

1. Smith's Petition for a Writ of Mandamus [R. 1] is **DENIED**, and this matter is **STRICKEN** from the active docket.

2. All other pending requests for relief are **DENIED AS MOOT**.

3. Smith is **ORDERED** to pay the $350 filing fee for a civil action and the $50.00 administrative fee.

4. The Clerk of the Court shall open an account in Smith's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (Form EDKy 525) with (a) Smith's name, (b) his inmate registration number, and (c) this case number. The Clerk shall send a copy of this Order and the Notice of Payment Form to the warden of the institution in which Smith is currently confined and to the United States Attorney for the Eastern District of Kentucky.

5. Each month Smith's custodian shall send the Clerk of the Court a payment in an amount equal to 20% of his income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10. The custodian shall continue such monthly payments until the entire $350 filing fee is paid. 28 U.S.C. § 1915(b)(2).

6. **JUDGMENT** shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

Dated July 28, 2017.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY